Haynes, J.
In this case suit was brought in the common pleas upon a supersedeas bond filed in the Supreme Court of this state, in a case decided by the Circuit Court of Putnam County, wherein American Hand Sewed Shoe Company and others were plaintiffs, and H. B. Claflin & Co. and others were defendants. The supersedeas bond recited a judgment in the Circuit Court of Putnam County “for about ($15,000) fifteen thousand dollars and for costs about $2,500,” with conditions under sec. 6718, Rev. Stat.
In the suit upon the supersedeas bond the petition set forth the judgment of circuit court, which was a judgment under sec. 6344 Rev. Stat., in which judgment the circuit court declared void as against plaintiff and other creditors of O. B. Ramey, certain mortgages of personal and real property, and certain conveyances of notes and accounts made by O. B. Ramey to H. B. Claflin & Co. in contemplation of insolvency and to prefer creditors, and adjudged that Claflin & Co. held the property subject to the right of the plaintiff's other *679 creditors to have the same applied to the payment of their claims, and ordered the judgment certified to the probate court to have a trustee appointed to carry out the trusts as provided in said section 6344. Upon the trial in common pleas court, the proper issues having been joined between the parties, the plaintiff Cover, trustee, to maintain the issues on his part, offered in evidence a copy of the judgment in case last mentioned, which was objected to on the ground that it was not the judgment described in the bond set forth in his petition. On error to the circuit court it was held by that court that the objection was well taken, and- that the court of common pleas should have rejected the same as evidence.
In the Supreme Court the petition in error filed there was dismissed, for the reason that the plaintiff in error had failed to have the record in the case printed as required by the practice of that court-, and upon motion made, had refused to reinstate the case, and it was urged that no recovery could be had upon the bond, because the judgment of the circuit court had not been affirmed.
Held, that the judgment of dismissal was equivalent to and in substance an affirmation of the judgment of the circuit court.